IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| COWAYNE LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:18cv673-WKW |
| | ) | [WO] |
| AMANDA HUGHES, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a former federal inmate on federal supervised release, filed this *pro se* civil

rights action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging

violations of his constitutional rights by employees of the Federal Prison Camp in

Montgomery, Alabama and Bureau of Prisons officials in Atlanta, Georgia and

Washington, D.C.[1] Doc. 1.  However, Plaintiff did not file the $350 filing fee and $50

administrative fee applicable when a plaintiff is not proceeding *in forma pauperis*, nor did

he submit an original affidavit in support of a motion for leave to proceed *in forma*

*pauperis*.  Thus, the pleadings filed by Plaintiff failed to provide the court with the

information necessary for a determination of whether he should be allowed to proceed

without prepayment of a filing fee in this cause of action. *See* 28 U.S.C. § 1915(a)(2).

Based on the foregoing, the court entered an order requiring Plaintiff to "file either

---

[1] Plaintiff originally filed his complaint in the United States District Court for the Eastern District of North Carolina.  That court transferred the case to this court by an order entered on July 18, 2018. Docs. 2 & 3.

the $400.00 filing/administrative fees or an affidavit to support a motion for leave to proceed in *forma pauperis*." Doc. 4 at 1.  The order specifically cautioned Plaintiff "that if he fails to comply with this order the Magistrate Judge will recommend this case be dismissed." Doc. 4 at 2.

Plaintiff has failed to pay his filing and administrative fees or to file an affidavit to support of a motion for leave to proceed in *forma pauperis* within the time provided by the court in its order.  Absent either prepayment of the requisite fees or the granting of *in forma pauperis* status, this case cannot proceed before this court. The undersigned therefore concludes that this case is due to be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.,* 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo,* 864 F.2d at 102.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice based on Plaintiff's failure to comply with the orders of this court.

It is further ORDERED that on or before **September 13, 2018,** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE this 30th day of August, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE